## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:17CV60

WILLIAM D. COLE,                              )
                                             )
                        Plaintiff,           )
                                             )
v.                                           )          MEMORANDUM AND
                                             )          RECOMMENDATION
NANCY A. BERRYHILL,                          )
Acting Commissioner of Social Security,      )
                                             )
                        Defendant.           )
_____             )

      This matter is before the Court on the parties' cross motions for summary judgment (# 10, 14). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be DENIED and the Commissioner's motion for summary judgment be GRANTED.

## I.      Procedural History

      On April 1, 2010, plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 24.) On the same date, Plaintiff filed a Title XVI application for supplemental security income. (T. 24.) In both applications, Plaintiff alleged a disability onset date of November 30, 2009. (T. 24.) Both applications were denied in a decision dated August 30, 2012. (T. 24.)

On September 12, 2012, Plaintiff filed a request for review.  (T. 24.)  On August. 27, 2013, the Appeals Council vacated the August 30, 2012 decision and remanded the case to an Administrative Law Judge ("ALJ") for further proceedings.  (T. 24.)  The Appeals Council determined that the limitation of "an option to sit or stand" required clarification, including the frequency and length of time, and the limitation of "minimal exposure to a noisy environment where hearing is a work qualification" was not included in the hypothetical question posed to the vocational expert ("VE").[1]  (T. 24.)

Plaintiff appeared and testified at a hearing held on May 14, 2015, in Charlotte, North Carolina.[2]  (T. 24.)  At the hearing, Plaintiff amended his alleged onset date of disability to January 1, 2012.  (T. 24.)  On March 31, 2017, Plaintiff filed the instant action. See Compl. (# 1)

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Under

---

[1] The Appeals Council directed the ALJ to give further consideration to the claimant's maximum residual functional capacity and to obtain supplemental evidence from a VE.  (T. 24.)
[2] Plaintiff's son, Royce Cole, and Allison Cruise, a VE, also testified at the hearing.  (T. 24.) Plaintiff was represented at the hearing by attorney Rebecca Lepkowski.  (T. 24.)

the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or medically equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to

3

step five.  <u>Mascio</u>, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. <u>Id.</u>  The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  <u>Id.</u>; <u>Monroe</u>, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. <u>Mascio</u>, 780 F.3d at 635; <u>Monroe</u>, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.  <u>Mascio</u>, 780 F.3d at 635; <u>Monroe</u>, 826 F.3d at 180.

## III.    The ALJ's Decision

In his October 6, 2015, decision, the ALJ ultimately found that Plaintiff was not disabled under sections 216(i), 233(d), and 1614(a)(3)(4) of the Social Security Act.  (T. 38.)  In support of this conclusion, the ALJ made the following specific findings:

(1)    The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

(2)    The claimant has not engaged in substantial gainful activity since January 1, 2012, the amended alleged onset date (20 C.F.R. §§ 404.1571 <u>et seq.</u> and 416.971 <u>et seq.</u>).

(3)    The claimant has the following severe impairments: cervical and lumbar degenerative disc disease, lumbar facet arthropathy, hearing

4

loss, peripheral vascular disease, obesity,[3] and anxiety (20 C.F.R. §§ 404.1520(c) and 416.920(c)).[4]

(4)     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).[5]

(5)     The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for the following limitations: no climbing of ropes, ladders, or scaffolds; occasional climbing of ramps and stairs; a sit/stand option where he can change positions twice an hour; no overhead lifting greater than 10 pounds; frequent bilateral fingering; no noisy environment where hearing is an essential work qualification; allows a cane for ambulation but not as a requirement in the course of work; simple, routine and repetitive tasks; and occasional interaction with the public, coworkers, and supervisors.

(6)     The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).[6]

(7)     The claimant was born on September 14, 1971, and he was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 C.F.R. §§ 404.1563 and 416.963).

(8)     The claimant has a limited education, and he is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

(9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social

---

[3] Plaintiff's height is 68 inches, and he consistently weighs more than 170 pounds. (T. 27.)

[4] The ALJ found that Plaintiff's high cholesterol, acid reflux, high blood pressure, and COPD were not severe impairments. (T. 27-28.) The ALJ also found that Plaintiff had a hernia and his gall bladder removed, but these were not severe impairments. (T. 27.)

[5] The ALJ specifically compared Plaintiff's conditions to Listings 1.04, 12.06, 2.10, 4.12. (T. 28-29.)

[6] Plaintiff's past relevant work consists of the following medium and heavy exertional jobs: salvage laborer, lodging facility attendant, chain off-bearer, rough planner tender, and gluing machine operation. (T. 36.)

5

Security Ruling ("SSR") 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10)  Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform (20 C.F.R. §§ 404.1569, 404.1569(a) 416.969, and 416.969(a)).[7]

(11)  The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2012, through October 6, 2015 (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(T. 24-38.)

## IV.  Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not

---

[7] The VE testified that Plaintiff would be able to perform the requirements of representative unskilled, light occupations such as the following: (1) hand packager, which has 759,995 jobs nationally; (2) bagger, which has 735,733 jobs nationally; and (3) folder, which has 301,804 jobs nationally. (T. 37.)

"re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Discussion

### A. The ALJ's mental RFC finding is supported by substantial evidence.

Plaintiff initially argues that the ALJ failed to provide a full function-by-function analysis of the nonexertional mental functions associated with his mental impairments. Pl.'s Mem. Supp. (# 11) at 6-12. Plaintiff also argues that the ALJ did not evaluate his mental impairments in a manner consistent with the Fourth Circuit's holding in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). Id. at 8-9. Finally, relying on SSR 96-8p, Plaintiff contends that the ALJ's decision must be reversed. Id. at 6-7.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); accord Mascio, 780 F.3d at 636. Social Security Ruling ("SSR") 96-8p provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio, 780 F.3d at 636 (quoting SSR 96-8p).

7

In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

In Mascio, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary. 780 F.3d at 638. The Court specifically held:

> Perhaps the ALJ can explain why [the Plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the Plaintiff's] [RFC]. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the Plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ gave no explanation, a remand is in order.

Id. (internal citation omitted and emphasis added).

### i. The ALJ properly considered Plaintiff's mental RFC, including the ability to stay on task.

Plaintiff contends that the ALJ failed to consider his ability to stay on task or work for a full workday or workweek in a manner consistent with Mascio. Pl.'s Mem. Supp. (# ) at 7-11. The Court concludes that Ponder v. Berryhill, No. 1:15-CV-00289-RJC, 2017 WL 1246350 (W.D.N.C. Mar. 31, 2017), is persuasive authority on this issue. In the instant case as in Ponder, the ALJ did not specifically use the words "stay on task," but his analysis reflects that the RFC is supported by substantial evidence. Id. at *4. Moreover, as the

8

Court noted in Ponder, "Mascio only requires a remand when an ALJ's opinion is sorely lacking in a manner that frustrates meaningful review." Id. (quoting White v. Colvin, No. 3:15-CV-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016) (quotation omitted)).

In the instant case, the ALJ limited Plaintiff to performing simple, routine, and repetitive tasks. (T. 30.) In addition, the ALJ limited Plaintiff to only occasional interaction with the public, coworkers, and supervisors. (T. 30.) The ALJ noted that these limitations were warranted due to Plaintiff's anxiety. (T. 33.) The ALJ further noted that Plaintiff's anxiety is generally controlled with medication.[8] (T. 33.) The ALJ recognized that Plaintiff complained of increased anxiety with panic attacks in February 2015, but Plaintiff noted that he had a disability hearing in the future. (T. 33.) The ALJ noted that Plaintiff testified he suffers with anxiety, but his neck and back pain are the primary reasons he is unable to work. (T. 33.)

The ALJ noted that examining, consultative psychiatrist Anthony Carraway, M.D. opined that Plaintiff's anxiety caused only moderate approaching mild limitations.[9] (T. 34.) Further, Dr. Carraway was not persuaded that limitations of that severity could be

---

[8] When a symptom can be reasonably controlled by medication or treatment, it is not disabling. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (citing Purdham v. Celebrezze, 349 F.3d 828, 830 (4th Cir. 1965)).

[9] Plaintiff argues that Dr. Carraway's opinion was issued 18 months prior to the alleged onset date. Pl.'s Mem. Supp. (# 11) at 9. The Commissioner agrees. Def.'s Mem. Supp. (# 15) at 7-8. The Court finds no error by the ALJ in evaluating Dr. Carraway's opinion. See Cotton v. Colvin, No. 5:14-CV-425-FL, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) ("Where evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence.") (citing Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) ("[T]here is no valid reason to exclude consideration of medical records dated prior to [the] alleged date of onset."))

construed as imposing disabling limitations. (T. 34.) The ALJ noted that Dr. Carraway opined that Plaintiff could perform simple, routine, repetitive tasks.[10] (T. 34.)

The ALJ noted that the State agency psychological consultants concluded that despite "moderate" limitations in concentration, persistence, or pace, Plaintiff retained the capacity to perform unskilled work, which includes performing simple, routine, repetitive tasks associated with such work.[11] (T. 36.)

In sum, the ALJ considered Plaintiff's RFC in accordance with <u>Mascio</u> and SSR 96-8p. Moreover, the ALJ's RFC is supported by substantial evidence.[12] <u>See</u> <u>Bird v. Comm'r</u>, 699 F.3d 337, 340 (4th Cir. 2012) ("When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence"); <u>Helms v. Berryhill</u>, No. 5:16-CV-0229-MR-DLH, 2018 WL 1472489, at *1 (W.D.N.C. Mar. 26, 2018) (same).

## ii. The ALJ properly considered Plaintiff's social limitations.

Plaintiff next contends that the ALJ's consideration of his limitations in social functioning was incomplete. Pl.'s Mem. Supp. (# 11) at 11-12. In particular, Plaintiff finds fault with the ALJ because he found that Plaintiff was limited to occasional contact or

---

[10] The ALJ concluded that Dr. Carraway's opinion was consistent with the medical evidence, and not contradicted by other persuasive medical opinions or credible testimony. (T. 34.) Ultimately, the ALJ gave Dr. Carraway's opinion "significant weight." (T. 34.)

[11] The ALJ gave the State agency psychological consultants' conclusion "great weight." (T. 36.)

[12] Plaintiff has not pointed to a shred of medical evidence that contradicts or undermines the ALJ's analysis. <u>See</u> Pl.'s Mem. Supp. (# 11).

interaction with the public, coworkers, and supervisors, yet the ALJ failed to discuss how Plaintiff would be able to accept instructions, criticisms, etc. from supervisors. Id. at 12.

The record reveals that Plaintiff was only "moderately limited" in his ability to accept instructions and respond appropriately to criticism from supervisors. (T. 376, 396). The record also reflects that Plaintiff reported he had never been fired or laid off from a job due to problems in getting along with other people. (T. 709). Similarly, Bertha Cole, Plaintiff's aunt, reported that Plaintiff did not complain of any problems getting along with others or authority figures; he has never been fired or laid off based on problems getting along with other people; and he is able to follow written and spoken instructions well. (T. 700-01.) Plaintiff reported that he interacts with others in his anxiety group, classmates in his GED classes, and church. (T. 707.) The record does not suggest that Plaintiff is unable to accept instructions or respond appropriately to criticism from supervisors.

In sum, Plaintiff has not cited any evidence that undermines the ALJ's opinion. Moreover, the Commissioner argues and the Court agrees that it appears Plaintiff is seeking a perfect opinion from the ALJ. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a [Social Security] case in quest of a perfect opinion [from the ALJ] unless there is reason to believe that the remand might led to a different result."). Consequently, Plaintiff's first assignment of error, including both sub-issues, must be overruled.

### B. Substantial evidence supports the ALJ's physical RFC findings.

Relying on SSR 96-8p, Plaintiff argues that the RFC assessment is based on all of the relevant evidence of an individual's ability to do work-related activities. Pl.'s Mem.

Supp. (# 11) at 12-16. Plaintiff further argues that the ALJ must sufficiently explain the basis for the RFC finding. Id. at 15-16. Plaintiff concludes that a decision based on a flawed RFC determination must be reversed. Id. at 13.

As noted, the ALJ found that Plaintiff had the following RFC:

The claimant has the [RFC] to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for the following limitations: no climbing of ropes, ladders or scaffolds; occasional climbing of ramps and stairs; a sit/stand option wherein he can change positions twice an hour; no overhead lifting greater than 10 pounds; frequent bilateral fingering; no noisy environment where hearing is an essential work qualification; allows a cane for ambulation but not as a requirement in the course of work; simple, routine and repetitive tasks; and occasional interaction with the public, co-workers, and supervisors.

(T. 30.)

In support of this RFC, the ALJ noted that Plaintiff had a Functional Capacity Evaluation in March of 2012 with Melinda Lada, M.D., which indicated that Plaintiff was capable of light exertional work with limited overhead reaching and the need for a sit/stand option and a cane. (T. 35, 2031.) Plaintiff argues that because the ALJ failed to include "no overhead reaching" in the RFC, the case should be remanded for the ALJ to consider this limitation. Pl.'s Mem. Supp. (# 11) at 14-15.

The Court disagrees and finds that the ALJ's physical RFC findings are supported by substantial evidence for at least three reasons. First, Dr. Lada's report states that Plaintiff should limit prolonged or repetitive overhead reaching and should only perform these activities to his tolerance. (T. 2031.) Dr. Lada's assessment does not limit Plaintiff to "no overhead reaching." (T. 2031.)

12

Second, the limitation to "no overhead reaching" is not supported by the evidence of record. A November 2014 Functional Capacity Evaluation performed by Renea Bedard, MPT, CWCE, found that Plaintiff had no observed or reported limitations on reaching forward. (T. 2494.) During that evaluation, Plaintiff lifted 15 pounds from waist to shoulder height and floor to shoulder height, and he lifted 20 pounds from floor to waist height. (T. 2493.) Bedard opined that Plaintiff could do occasional (up to 1/3 of the day) above-shoulder work. (T. 2495.) Finally, Plaintiff testified at his May 14, 2015 hearing that he can comfortably lift 35 pounds (T. 74), he is able to use a chainsaw to trim trees (T. 74-75) and cut firewood (T. 75), he can get firewood to the house on a wheelbarrow (T. 77), he is able to split wood (T. 78-79), and mows the lawn on a riding lawn mower (T. 80).[13]

In sum, Plaintiff's argument is belied by the record, which demonstrates that the ALJ applied the correct legal standard in determining Plaintiff's RFC.[14] Moreover, the ALJ's RFC finding is supported by substantial evidence.[15] See Craig, 76 F.3d at 589 (recognizing that the District Court "must uphold the factual

---

[13] See Gross, 785 F.2d at 1166 (upholding a finding of no disability where the claimant generally took care of a house, cleaned up the local poolroom for compensation, shopped for groceries, cooked, washed dishes, and walked to town each day); Smith-Brim v. Colvin, No. PMJ 14-683, 2015 WL 4724977, at *15 (D. Md. Aug. 7, 2015) (upholding a finding of no disability where "Plaintiff reported activities involving crocheting, reading, spending time with family, watching television news programs, and using a computer for social networking and email").

[14] Plaintiff has failed to refer the Court to evidence in the record that suggests limitations greater than those included in the RFC. See Pl.'s Mem. Supp. (# 11). Moreover, the Court has failed to independently locate such evidence.

[15] The ALJ bears the responsibility for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c).

13

findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard"). Accordingly, Plaintiff's second assignment of error is overruled.

### C. The ALJ properly weighed Dr. Lada's opinion.

In Plaintiff's next assignment of error, he argues that the ALJ erred by failing to state what amount of weight was given to Dr. Lada's opinions. Pl.'s Mem. Supp. (# 11) at Pl.'s Mem. Supp. (# 11) at 16-20. Plaintiff concludes that when, as here, the ALJ does not give good reasons for rejecting a treating source's opinion, the decision must be reversed. Id. at 16.

The Regulations provide as follows with respect to the Social Security Administration's criteria for evaluating opinion evidence:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).[16] The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) length of treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6); see Cohen v. Berryhill, 272 F. Supp. 3d 779, 782 (D.S.C. Aug. 23,

---

[16] This reflects the Regulation as it stood on the date of the ALJ's decision, October 6, 2015.

14

2017).  As a general rule, more weight is given to a medical professional who examines a claimant, as opposed to a non-examining source.   20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); see Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013).

A review of the record reveals that the ALJ found as follows with respect to Dr. Lada's opinions:

> The only opinion consistent with a finding that the claimant's functional limitations are of such severity as to render him unable to perform any substantial gainful activity, and therefore "disabled" , is the May 2011 opinion of treating primary care physician Dr. Lada, which she also endorsed in July 2012.  She concluded that the claimant's degenerative disc disease, spinal stenosis and arthritis and associated symptoms, pain and fatigue imposed the following restrictions:   sitting for less than one hour and standing or walking for 2 to 3 hours in an 8-hour day; the need to get up and move around every 45 minutes, significant limitations in repetitive handling finding [sic] and lifting; inability to keep the neck in a constant position; inability to push, pull, kneel, bend or stoop; need for ready access to a bathroom and need to [be] absent from work 2 to 3 times a month. Additionally, in November 2013, Dr. Lada stated that the claimant's impairments and associated symptoms and pain had worsened over the past year.  Again, she imposed limitations consistent with an inability to perform the demands of even sedentary work on a regular and continuing basis.
>
> . . . .
>
> Opinions on issues reserved to the Commissioner, such as that of Dr. Lada, can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-5p.
>
> However, I do not find Dr. Lada's opinions to be persuasive.  The medical records, including her own treatment records, do not support the limitations she assessed, and she did not reconcile the discrepancies between her treatment records and her opinions.   The evidence shows at least moderate improvement with treatment and normal exams of the extremities. Rather, it is apparent that she based her opinion in whole, or at least in large

part, on the claimant's subjective complaints, which, for the reasons discussed above, are not credible. Consequently, I am persuaded that Dr. Lada's opinions merit less weight.

On the other hand, in January 2012, Dr. Lada concluded that the claimant's impairments precluded him from seeking gainful employment doing his previous type work for at least 12 months. As the claimant's past work was at least "medium" in exertion, this opinion is supported by the medical evidence of record and is given great weight. Additionally, the Functional Capacity Evaluation in March 2012 indicated that the claimant was not disabled from performing all levels of work. Rather, this evaluation suggested that the claimant was capable of performing work at the "light" exertional level with no prolonged overhead reaching and need for a sit/stand option and cane, restrictions afforded in the above residual functional capacity.

(T. 34-35) (internal citations omitted).

In the instant case, the ALJ noted that the only opinions consistent with a finding that Plaintiff's functional limitations were severe enough to render him unable to perform any substantial gainful activity, and therefore "disabled," are the May 2011 and July 2012 opinions from Dr. Lada. (T. 34-35.) In November 2013, Dr. Lada noted that Plaintiff's impairments and symptoms had worsened over the past year, and Dr. Lada, again, imposed limitations consistent with an inability to perform even sedentary work on a regular basis. (T. 35.)

The ALJ concluded that Dr. Lada's opinions were not persuasive and "merit less weight" for several reasons. (T. 35.) First, the medical records, including Dr. Lada's own treatment records, do not support the limitations she has imposed. (T. 35.) Second, Dr. Lada failed to reconcile the discrepancies between her treatment records and her opinions. (T. 35.) Third, the record demonstrates at least moderate improvement with treatment. (T. 35.) Fourth, Dr. Lada based her opinion, at least in part, on Plaintiff's subjective

16

complaints, which are not credible.[17]  (T. 35.)

In sum, the various rationales given by the ALJ for discounting the opinions offered by Dr. Lada are legally sufficient in that they comply with the Regulations and relevant case law.  See Craig, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").  Consequently, Plaintiff's third assignment of error is overruled.

### D.    The ALJ properly relied on the VE's testimony.

In Plaintiff's final assignment of error, he argues that the ALJ accepted testimony from a VE that appears to conflict with the Dictionary of Occupational Titles ("DOT")[18], but the ALJ failed to get an explanation.  Pl.'s Mem. Supp. (# 11) at 20-25.  In particular, Plaintiff argues:  (1) the jobs identified by the VE may exceed the limitation for "frequent bilateral fingering"; (2) the limitation to "occasional interaction" conflicts with the O*Net; and (3) the Selected Characteristics of Occupations ("SCO")[19] and the DOT do not address

---

[17] The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely credible" for several reasons.  (T. 31.)  First, Plaintiff's allegations are inconsistent with the medical evidence.  (T. 31.)  Second, the allegations are inconsistent with Plaintiff's activities of daily living.  (T. 31.)  The ALJ determined that Plaintiff's testimony was credible to the extent that he can no longer perform heavy lifting and other strenuous activities of his past work, but Plaintiff was not credible to the extent he alleged he is disabled under the Regulations.  (T. 31.)

[18] The DOT, published by the Department of Labor, gives detailed physical requirements for a variety of jobs.  Morgan v. Berryhill, No. 16-1141, 2017 WL 4280787, at *3 n.4 (D. Md. Sept. 27, 2017).  While information found in the DOT is not conclusive evidence on the existence of jobs in the national economy, it can be used to create a rebuttable presumption on the matter.  Id.  The Social Security Administration has taken administrative notice of the DOT.  Id.

[19] The SCO is a supplement to the DOT, which lists the specific functional requirements for occupations.  Dodson v. Berryhill, No. 5:17-CV-28-D, 2018 WL 896901, at *3 n.5 (E.D.N.C. Jan.

the use of a cane for ambulation.  Id.  Plaintiff concludes that the ALJ's error results in a decision that is not supported by substantial evidence and must be reversed.  Id. at 20.

Pursuant to SSR 00-4p, an ALJ has an affirmative duty to elicit an explanation from a VE regarding any "apparent unresolved conflict" between the VE's testimony and the DOT. SSR 00-4p provides:

> Occupational evidence produced by a VE . . . generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.
> Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict.  The [ALJ] must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE  . . . testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

In Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit Court of Appeals held that the ALJ must resolve apparent conflicts between the VE's testimony and the DOT before relying on the VE testimony.  Id. at 207-09; Best v. Berryhill, No. 4:16-CV-268-D, 2017 WL 6626320, at *1 (E.D.N.C. Dec. 28, 2017).  "[T]he ALJ need only identify 'apparent' conflicts—statements that are seeming real or true, but not necessarily so." Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017) (quotation omitted).

### i.    Frequent bilateral fingering

---

30, 2018).

Plaintiff asserts that the ALJ found that Plaintiff was limited to "frequent bilateral fingering." Pl.'s Mem. Supp. (# 11) at 23 (citing T. 30). Plaintiff argues that according to the O*Net, the jobs identified by the VE "appear" to conflict with this limitation. Id.

Plaintiff's argument must fail because assuming, arguendo, that the VE's testimony actually conflicts with the O*Net, there is no requirement that the VE's testimony be consistent with the O*Net. Spurlock v. Berryhill, No. 1:17CV411, 2018 WL 791302, at *8 (M.D.N.C. Feb. 8, 2018); see Fender v. Berryhill, No. 1:17CV00041-RJC, 2018 WL 1536485, at *4 (W.D.N.C. Mar. 29, 2018) ("The Court does not believe that the ALJ has an affirmative duty to seek out and resolve apparent conflicts between the VE's testimony and O*Net[.]"); Bushaw v. Berryhill, No. 1:17-CV-00192-FDW, 2018 WL 1972711, at *5 (W.D.N.C. April 26, 2018) ("[T]his Court joins other district courts in rejecting Plaintiff's argument and request to impose an obligation on the ALJ unsupported by law."); Webb v. Berryhill, No. 1:17CV341, 2018 WL 2198829, at *6 (M.D.N.C. May 14, 2018) ("[T]here is no requirement that the VE's testimony comply with [the O*Net]."). Accordingly, the ALJ's reliance on the VE's testimony was proper.

## ii.     Occasional interaction

Plaintiff asserts that the ALJ found that he was limited to "occasional interaction with the public, co-workers and supervisors." Pl.'s Mem. Supp. (# 11) at 23 (citing T. 30). Plaintiff argues that according to the O*Net, the jobs identified by the VE conflict with this requirement. Id. As noted above, even if the VE's testimony conflicts with the O*Net, there is no requirement that the VE's testimony be consistent with the O*Net. Consequently, the ALJ's reliance on the VE's testimony was proper.

19

### iii. Cane

Plaintiff asserts that the ALJ limited him to the use of a cane for ambulation. Pl.'s Mem. Supp. (# 11) at 24 (citing T. 30). Plaintiff further asserts that neither the DOT nor the SCO address the use of a cane. Id. Plaintiff argues that because the ALJ did not elicit an explanation from the VE, the VE's testimony cannot serve as substantial evidence. Id. at 25. Plaintiff concludes that remand is warranted for further VE testimony. Id.

Plaintiff's argument must fail because an ALJ may rely on VE testimony even if it does not specifically address the use of a cane. See Lusk v. Astrue, No. 1:11-CV-00196-MR, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013) ("[I]t was entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions."); see also Hynes v. Barnhart, No. 04CV490SM, 2005 WL 1458747, at *5 (D.N.H. June 15, 2005) ("Here, the [VE] simply applied his expertise and provided the ALJ with information that was not provided in the DOT. Contrary to claimant's assertion, there was no 'conflict' between the [VE's] testimony and the data provided by the DOT.").

At the May 14, 2015 hearing, the VE, Allison Cruise, testified. (T. 101-06.) The ALJ posed the following hypothetical:

> Assume we have a hypothetical person whose ages [sic] ranges from 38 to 43 who can do a full range of light work except this hypothetical person would not be able to do any climbing of ropes, ladders, and scaffolds, occasional climbing of ramps and stairs. This person would need a sit stand option, which would allow him or her to change positions twice, change positions twice per hour. This person would be limited to occasional interaction with the public, occasional interaction with supervisors and coworkers. This person would be limited also to no overhead lifting of any amount greater than 10 pounds ahead of time, frequent handling and fingering bilaterally, simple, routine, and repetitive tasks. This person would also be limited to not working or no exposure to a noisy work environment

where hearing is an essential qualification and this person would need a cane to ambulate, but the cane is not required in the performance of job duties. Are there any jobs?

(T. 102-03.) The ALJ provided the following jobs: inspector, hand packager, and bagger.

(T. 103-04.) The ALJ then asked the VE if her testimony was consistent with the information provided in the DOT. (T. 104.) The VE responded affirmatively, with the exception of a sit stand option and the three positions. (T. 104.) The VE explained that she last viewed the three positions when working as a vocational rehabilitation provider and counselor, and these jobs typically will offer a sit stand option. (T. 104.)

In sum, there was no "apparent conflict" for the VE to resolve, and the ALJ's reliance on the VE's testimony was appropriate. Therefore, Plaintiff's final assignment of error is overruled.

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 10) be DENIED, and the Commissioner's motion for summary judgment (# 14) be GRANTED.

Signed: July 6, 2018

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).